CAMPBELL, Judge.
Appellant, Lawrence H. Douglas, son of the testator, challenges the trial court order of April 24, 1992, that approved an interim accounting of appellee Abraham M. Buchman as Personal Representative of the estate of Russell B. Douglas. We construe the order appealed from as a denial of a collateral attack on an earlier order of June 14, 1990, that approved the final accounting of appellee Abraham M. Buch-man, as curator of appellant’s father’s estate. The estate assets were transferred from Abraham M. Buchman as curator to Buchman as personal representative of the estate for further administration. Although appellant contends that the curator’s final accounting improperly allocates certain deferred compensation payments as income rather than as principal, thus effectively dispossessing him of his share of those payments, we conclude that appellant is now estopped to assert this objection.
The notice of the curator’s final accounting and petition for discharge required appellant to file “any objections to the Final Accounting, to the compensation paid or proposed to be paid, or the proposed distribution of assets.... ” Appellant timely filed an objection to the final accounting which contained a specific objection “[t]o deferred payments received during the Curator period and the taxes paid thereon, as well as the procedures for payment to Wilma M. Douglas” (the income beneficiary). Appellant subsequently entered into a stipulation “withdrawpng] his Objection to Notice of Final Accounting and Petition for Discharge,” but reserving certain specific objections that did not relate to the deferred compensation payments. The court then approved the final accounting of the curator, the discharge of the curator and the allocations of deferred compensation into principal and income as those assets were transferred to the personal representative. The personal representative continues to possess those assets and the estate is still in the process of being administered.
We conclude that appellant’s stipulation to withdraw his objection to the allocations of deferred compensation into principal and income now estops him from asserting that objection in this appeal from the order approving the interim accounting of the per *1147 sonal representative. Accordingly, we affirm the proceedings below which are the subject of this appeal.
FRANK, C.J., and THREADGILL, J., concur.